Filomena González Vda. de Hernández, demandante y recurrente, v. Juan Pérez Colón, demandado y recurrido.

*Número:* CE-66-45    *Resuelto:* 15 de junio de 1967

808

*Rodríguez Ema & Rodríguez Ramón, Rodolfo Zequeira* y *Nicolás Giménez,* abogados de la recurrente; *Miguel Franquiz Ventura* y *Eduardo A. Ruiz,* abogados del recurrido.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

El Juez Asociado Señor Ramírez Bages emitió la opinión del Tribunal.

¿Alquilada una propiedad en 20 de marzo de 1964 en $250 mensuales puede la Administración de Estabilización Económica, luego de desocuparla el inquilino en marzo de 1965, fijarle un canon de $140.15 por mes retroactivo a 19 de junio de 1964? Ésa es la cuestión a dilucidarse en este recurso.

Tanto el Administrador de la referida agencia gubernamental como el tribunal de instancia, contrario al criterio expresado por el Secretario de Justicia en su opinión de 6 de agosto de 1965 y no obstante lo dispuesto en el Art. 4 (b) (4) de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 184 (b) (4), han sostenido la propuesta renta de $140.15 al mes retroactivo a 19 de junio de 1964 "sin perjuicio de que . . . se presente la prueba pertinente en cuanto a que era una casa de hospedaje," porque el Administrador es "La única autoridad que tiene poder para fijar renta;" que "La alegación de que ésta era una casa de hospedaje es una materia que necesita ser probada ya que la inquilina lo niega;" "Esa enmienda [el referido art. 4 (b) (4) de la ley en cuestión] no altera el propósito remedial legislativo de proteger al inquilino . . . . Subsiste, pues, . . . la reglamentación . . . [adoptada como] consecuencia de la enmienda en cuestión . . . ."

La disposición en cuestión exime del control provisto por la Ley de Alquileres Razonables a la unidad rental en este caso ya que dicha disposición opera de pleno derecho. A continuación nos explicamos.

### Resumen del Caso

Se trata de una propiedad que vivió la recurrente hasta el 20 de marzo de 1964 fecha en que la arrendó al Sr. Reyes

Gómez para fines de hospedaje, circunstancia que el inquilino negó, pero que no se probó, según la resolución dictada por el Administrador. El canon se convino en la cantidad de $250 mensuales el cual Reyes Gómez pagó hasta que desocupó la propiedad en marzo de 1965. En 16 de septiembre de 1965 dicho inquilino se querelló ante la Administración de Estabilización Económica, alegando que el canon que se le había cobrado era irrazonable. En la audiencia señalada para el 17 de enero de 1966, a la cual no compareció el inquilino, la recurrente solicitó que se resolviese en primer lugar su planteamiento jurisdiccional basado en la aplicabilidad del Art. 4(b) (4) de la Ley de Alquileres Razonables. A esos efectos el Oficial de Audiencias de la Administración aprobó la siguiente estipulación:

"1. que el 20 de marzo de 1964 la casera arrendó al inquilino la unidad rental objeto de este procedimiento mediante el contrato que se identificó y se aceptó en evidencia como exhibit 1 de la casera;

2. que la Administración se propone fijar a esta unidad rental canon de arrendamiento para vivienda mediante la norma de comparabilidad, ya que la misma no tiene alquiler máximo fijado, y

3. que para la fecha del contrato de arrendamiento en cuestión la propiedad arrendada no aparecía inscrita en la Administración por no estar en el mercado de alquileres, ya que la vivía la casera desde muchos años antes como su residencia."

Se apunta que el tribunal de instancia incidió al no aplicar el Art. 4(b) (4) de la Ley de Alquileres Razonables (17 L.P.R.A. sec. 184(b) (4) ) que dispone que:

"No se aplicarán las disposiciones de este título a las siguientes propiedades: . . . (4) A toda unidad de alquiler con una renta de $200 ó más por mes cuando la misma se usa para vivienda y con una renta de $400 ó más por mes cuando se usa para fines de negocios, industria, oficinas profesionales o para fines sociales y recreativos, . . . ."

*Otras Disposiciones de Ley y Reglamento Aplicables*

Para la fecha en que se arrendó la propiedad en cuestión estaba en vigor la Sec. 5(b) del Reglamento de Inquilinato, vigente desde el 12 de enero de 1959, que en su parte pertinente lee así:

"En el caso de unidades de alquiler ubicadas en estructuras construidas con anterioridad al primero de octubre de 1942 que no hubieren estado arrendadas para esa fecha, el alquiler máximo *será el primer alquiler cobrado después de dicha fecha,* si el mismo no ha sido revisado posteriormente por la Oficina Federal de Rentas, o por el Administrador; entendiéndose que de no haber sido alterado por alguna de dichas agencias, el Administrador podrá revisar el mismo sobre la base de los alquileres que prevalecían en Puerto Rico para viviendas o locales similares durante el año que terminó el primero de octubre de 1942." (Énfasis nuestro.)

Para esa misma fecha estaba en vigor el Art. 6 de la Ley en cuestión (17 L.P.R.A. sec. 186), que disponía, en lo pertinente, que:

"En los casos en que el Administrador ajuste el alquiler que se venía pagando antes de la fecha de vigencia de esta ley o dicte una orden final sobre cualquier alquiler, fijando en su lugar el alquiler razonable como aquí se determina, el inquilino sólo vendrá obligado a pagar el alquiler básico o el alquiler razonable, a ese efecto fijado, pero no tendrá derecho a reembolso o reclamación alguna por lo pagado en exceso del alquiler razonable con anterioridad a la fecha en que éste se fijare, salvo en los casos en que por disposición expresa de esta ley el alquiler se ajustare automáticamente a la suma prevaleciente el primero de octubre de 1942 y salvo aquellos casos en que el Administrador dicte una orden provisional aumentando o fijando el alquiler máximo hasta que el caso se resuelva en definitiva; Disponiéndose, que el alquiler así aumentado o fijado quedará sujeto a reembolso al inquilino en cuanto a aquella cantidad que resultare en exceso del alquiler máximo que pudiere fijarse por la orden final."

Cuando se fue a alquilar la propiedad en este caso, debió inscribirse en la Administración de Estabilización Económica de acuerdo con lo dispuesto en el Art. 9 de la Ley de Alquileres Razonables (17 L.P.R.A. sec. 189), y por dejar de hacerlo, el casero quedó sujeto a las penalidades provistas por el Art. 19 de dicha Ley (17 L.P.R.A. sec. 210).

La Ley Núm. 67 de 19 de junio de 1964 y la Ley Núm. 98 de 26 de junio de 1965 enmendaron el Art. 6 de la Ley de Alquileres Razonables. En tal virtud el inciso (d) de dicha Ley provee que: (17 L.P.R.A. sec. 186—Supl. 1966.)

"Si la propiedad de alquiler no hubiera estado arrendada el 1ro. de octubre de 1942, el Administrador fijará el alquiler sobre la base de los alquileres prevalecientes en el momento de la determinación, para propiedades de alquiler similares y localizadas en zonas comparables que estaban arrendadas el 1ro. de octubre de 1942. Hasta tanto el Administrador fije el alquiler correspondiente, el alquiler máximo de la propiedad será el primero cobrado. Esta disposición no se aplica a solares cuando la edificación pertenece a propietario distinto al del solar. En este caso se determinará la renta del solar según la disposición del inciso (g) (2) siguiente."

El inciso (j) (1) del referido Art. 6 así enmendado dispone que la determinación del Administrador aumentando o rebajando el alquiler de una propiedad de alquiler será con carácter retroactivo:

"Cuando el propietario no haya cumplido con el requisito de inscripción dentro del término de treinta (30) días que conceden las secs. 181 a 214a de este título, si el alquiler convenido resultare mayor que el alquiler fijado por el Administrador. En este caso el rembolso será retroactivo a la fecha en que el inquilino ocupó la propiedad de alquiler. Ningún rembolso por inscripción tardía se hará retroactivo a una fecha anterior a la vigencia de esta enmienda a la ley."

En 15 de diciembre de 1964, el Administrador promulgó un nuevo Reglamento de Inquilinato que en su Sec. 186–27 (4) dispone que dicho Reglamento no aplica:

"A toda unidad de alquiler con una renta de $200 ó más por mes cuando la misma se usa para vivienda y con una renta de $400 ó más cuando se usa para fines de negocios, industria, oficinas profesionales, o para fines sociales y recreativos. Esta exención no cubre solares. La Administración, en los casos de viviendas con rentas de $200 ó más por mes y locales comerciales con rentas de $400 ó más por mes, hará sus propios estudios para determinar si tales unidades caen o no dentro de la jurisdicción de la Administración. De determinarse que la unidad está cubierta por las disposiciones de la Ley de Alquileres Razonables, la Administración requerirá del propietario la inscripción de la unidad, concediendo a éste un término de 15 días para la radicación de la misma."

### Dictamen

■ No hay duda de que no nos confrontamos con un caso de ajuste automático ni de uno en que exista orden provisional fijando canon. *Sanfiorenzo* v. *Peñagarícano, Admor.*, 90 D.P.R. 722 (1964); *Peñagarícano, Admor.* v. *Tribl. Superior*, 81 D.P.R. 877 (1960). No obstante, el Administrador tiene facultad para fijar un alquiler con carácter retroactivo a 19 de junio de 1964 que es la fecha de vigencia de la referida Ley Núm. 67, de acuerdo con el inciso (j) (1) del Art. 6 de la Ley de Alquileres Razonables enmendado a ese efecto por la Ley Núm. 67. De manera que la actuación del Administrador en este caso es correcta a menos que la unidad de alquiler en este caso haya quedado exenta del control establecido por la referida ley por virtud de lo dispuesto en el Art. 4 (b) (4) de la misma sin que a los efectos de tal exención haya necesidad de determinación alguna del Administrador como éste lo entiende y así lo dispuso en la citada Sec. 186–27 de su Reglamento.

■ Convenimos con la conclusión del Secretario de Justicia en su opinión de 6 de agosto de 1965, dirigida al Administrador de Estabilización Económica al efecto de que la exención provista por el Art. 4 (b) (4) de la Ley de Alquileres

Razonables opera de pleno derecho y cubre a toda unidad de alquiler la renta de la cual ascienda a la cantidad de $200 ó más cuando la misma se usa para vivienda independientemente de la fecha en que se celebró el contrato de arrendamiento.

El Art. 4 de la Ley de Alquileres Razonables dispone taxativamente que dicha ley (a) aplica a toda propiedad de alquiler, es decir, a todo edificio, habitación, apartamiento, o a cualquier parte de los mismos, irrespectivamente de su uso y solares dedicados a cualquier fin, y (b) *no aplica* a propiedades gubernamentales, las destinadas al negocio de hospitales y/o clínica en cuanto a la relación entre quien explota dicho negocio de hospital o clínica y sus pacientes, hoteles y casas de hospedaje, y *a toda unidad de alquiler*, es decir, cada una de las viviendas, o cada uno de los locales alquilados separadamente en el mismo edificio, *con una renta de $200 ó más por mes cuando la misma se usa para vivienda*, y con una renta de $400 ó más por mes cuando se usa para fines de negocio, industria, oficinas profesionales o para fines sociales y recreativos. (17 L.P.R.A. secs. 184 y 212, incisos (f) y (m).) Es sólo con respecto a la propiedad no exenta, que el Administrador puede ejercer las facultades de fijar renta básica, decretar aumentos o rebajas en ésta, y entre otras más, cerciorarse del cumplimiento de dicha ley y de la consecución de sus fines y propósitos. En cuanto a las exentas, una vez comprobado que cumplen con los requisitos de exención establecidos por la ley, carece de facultad del Administrador para reglamentarlas o en forma otra alguna intervenir con su uso y disfrute, y mucho menos ir más allá de lo dispuesto en la ley y pretender, en el caso de viviendas con rentas de $200 al mes, hacer sus propios estudios para determinar si caen o no dentro de su jurisdicción. Una vez que el poder legislativo ha determinado eximir la vivienda que devenga esa renta, lo único que puede hacer el Administrador es

cerciorarse que la propiedad se usa como vivienda y que en efecto la renta pactada es $200 ó más por mes. De ahí en adelante, no puede fijar un alquiler menor a base de ciertas normas y criterios en su oficina adoptados al amparo de disposiciones de ley aplicables a unidades de alquiler aún sujetas al control de la Ley de Alquileres Razonables. *Gross* v. *United States*, 201 F.2d 780 (9th Cir. 1953); *Bray* v. *Peck*, 190 F.2d 998 (9th Cir. 1951); *Woods* v. *Benson Hotel Corporation*, 177 F.2d 543 (8th Cir. 1949); *Mitchell* v. *McDavid*, 116 N.E.2d 757 (Ct. A. Ohio 1953); *Grosz* v. *Conser*, 45 N.W.2d 734 (S.D. 1951). Concluimos, por lo tanto que la disposición eximente del Art. 4 de la ley opera de pleno derecho una vez que se determina que la unidad de alquiler cumple con los requisitos de exención. El hecho que dicha unidad hubiese estado sujeta al control del Administrador antes de entrar en vigor la disposición eximente en 19 de junio de 1964, en nada altera el resultado pues el Administrador no actuó en cuanto a la misma antes de esa fecha y, de haber actuado, carecía de autoridad para fijarle un alquiler con carácter retroactivo por el hecho de no haberse inscrito en su oficina. Tampoco se trataba, como antes dijimos, de un caso de ajuste automático ni de uno en que exista orden provisional fijando canon, situaciones que hubieran justificado la fijación de un alquiler con efecto retroactivo. Fue a partir del 19 de junio de 1964, y por disposición del Art. 6(j)(1), que el Administrador quedó autorizado a fijar un canon menor con carácter retroactivo en los casos en que el propietario no cumpliese con el requisito de inscripción que requiere la ley. Pero en el caso ante nos, su facultad de así hacerlo coincidió con la vigencia de la disposición eximente de manera que su actuación posterior fijando un alquiler menor con efecto retroactivo fue improcedente.

*Por lo tanto, se revocará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 27 de*

*octubre de 1966, y se ordenará a dicho tribunal que devuelva el caso al Administrador de Estabilización Económica para que proceda en forma consistente con esta opinión.*