B. FORTALEZA CORPORATION, demandante y recurrente, *v.* ANTONIO BOUZÁ ALONSO, demandado y recurrido.

*Número*: R-71-119      *Resuelto*: 5 de abril de 1973

---

*Manuel Tirado Viera, José Roberto Lugo* y *Jorge Busigó Cifre,* abogados de la recurrente; *Juan T. Peñagarícano, Jr.,* abogado del recurrido.

EL JUEZ PRESIDENTE SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

B. Fortaleza Corporation, una corporación doméstica, es dueña de un edificio de dos plantas ubicado en la Calle Fortaleza, Núm. 107 del viejo San Juan.

Mediante contrato de arrendamiento, suscrito el día 5 de junio de 1968 por la anterior dueña del mencionado edificio, Sociedad Puertorriqueña de Escritores, representada por el Lic. Ernesto Juan Fonfrías, y el demandado, Sr. Antonio Bouzá Alonso, la primera cedió en arrendamiento al segundo para fines comerciales "la totalidad de la parte baja fondo" que comprendía locales interiores, un local lateral izquierdo entrando, y asimismo una covacha a la derecha del zaguán de entrada por un canon de $400.00 mensuales. [1]

---

[1] En el contrato de arrendamiento, después de describirse la finca urbana de planta alta, baja y azotea, las partes convinieron, entre otras cosas, lo siguiente:

"Tercero: Que las partes tienen convenido un contrato de arrendamiento sobre la totalidad de la parte baja fondo, de la primera planta de la propiedad descrita en el hecho anterior, cuya planta baja comprende locales interiores y un local lateral izquierdo entrando, y así mismo una covacha a

El inquilino señor Bouzá Alonso, solicitó de la Administración de Servicios al Consumidor, una rebaja en los cánones mensuales a lo cual se opuso la dueña, B. Fortaleza Corporation, alegando falta de jurisdicción de dicha agencia por tratarse de una propiedad usada para fines de negocios con una renta de $400.00 mensuales. El 19 de enero de 1971 la Administración de Servicios al Consumidor resolvió que tenía jurisdicción toda vez que se trataba de dos locales distintos uno con renta de $350.00 y otro con renta de $50.00. Solicitada la reconsideración a la Administración ésta la declaró sin lugar el 22 de junio de 1971.

A partir de febrero de 1971 el demandado descontinuó el uso de una parte de la propiedad, designada como "covacha" devolviendo las llaves de la misma pero siguió utilizando la otra parte en su negocio de restorán pagando $350.00 como canon.

El 15 de febrero de 1971, B. Fortaleza Corporation instó demanda de desahucio contra el señor Bouzá Alonso por incumplimiento de contrato. Se alegó que el abandono de parte de la propiedad arrendada y el uso y pago de la parte arrendada no se ajustaba a las condiciones del arrendamiento, constituyendo todo ello una violación del contrato. El demandado no contestó la demanda sino que presentó una Moción de Desestimación alegando que el tribunal no tenía jurisdic-

---

la. derecha del zaguán de entrada, y llevan a efecto dicho contrato mediante las siguientes cláusulas y condiciones:

"(1) La arrendadora cede y da en arrendamiento al arrendatario el referido local descrito con el fin exclusivo de continuar establecido y explotando comercialmente el negocio de restorán bajo el nombre de 'La Zambra'.

"(2)    .    .    .    .    .    :    .    .

"(3)    .    . .    .    .    .    .    . .    .

"(4) El canon de arrendamiento será la convenida y estipulada suma de Cuatrocientos dólares ($400.00) mensuales, pagaderos por mensualidades adelantadas en el domicilio de la arrendadora, disponiéndose. que para garantizar el pago de los cánones, el arrendatario deberá prestar una *fianza por la cantidad de mil dólares ($1,000.00) previa a su entrada en la posesión del local arrendado.* (Exhibit I, págs. 1, 2)

ción en el caso ya que la que tenía jurisdicción era la Administración de Servicios al Consumidor.

Con fecha de 29 de marzo de 1971 el honorable tribunal dictó sentencia declarando con lugar la Moción de Desestimación por el fundamento de que la propiedad objeto de la acción está controlada por la Administración de Servicios al Consumidor. (²)

No conforme con dicha determinación B. Fortaleza, Corp., recurrió para ante este Tribunal imputando el siguiente error al tribunal a quo:

"Erró el tribunal a quo al declararse sin jurisdicción ante la solicitud de un remedio en ley que es solo de procedencia judicial."

El Art. 4 de la Ley Núm. 464 de 25 de abril de 1941, según enmendada, conocida como Ley de Alquileres Razonables (17 L.P.R.A. sec. 184), dispone como sigue:

"(b) No se aplicarán las disposiciones de este título a las siguientes propiedades: (1) pertenecientes a las agencias e instrumentalidades del Gobierno de los Estados Unidos de América, del Gobierno de Puerto Rico, o de los Gobiernos Municipales de Puerto Rico; Disponiéndose, sin embargo, que dichas propiedades estarán sujetas a las disposiciones de las secs. 181 a 214a de este título en caso de que los arrendatarios subarrienden las mismas a personas particulares. (2) A propiedad de alquiler

---

(²) La determinación de que se trata de dos locales comerciales, uno rentando $350.00 y el otro $50.00, tanto la Administración de Servicios al Consumidor como el Tribunal Superior, se fundan en que la anterior dueña del local arrendado expedía dos recibos separados, uno por $350.00 por la renta del local utilizado como restorán y otro por $50.00 por la renta de la covacha. La explicación para ello, según el récord, es que al otorgarse el contrato de arrendamiento el 5 de junio de 1968, se siguió la práctica de expedir dos recibos separados porque así se hacía desde que por primera vez se arrendó la covacha en mayo de ese año 1968.

Si se entendiera que esa práctica del pago de la renta había modificado el contrato de 5 de junio de 1968, también habría que considerar que fue en igual forma modificado cuando la actual dueña y aquí recurrente adquirió la propiedad pues a partir de esa fecha el inquilino paga la renta mensual mediante un cheque por la suma de $400.00, que es lo estipulado en el contrato escrito de arrendamiento.

destinada al negocio de hospital y/o clínica en cuanto a la relación entre quien explota dicho negocio de hospital a clínica y sus pacientes. (3) A hoteles ni casas de hospedaje en cuanto a la relación entre [quien explota dicho negocio de hotel o casa de hospedaje y sus huéspedes o inquilinos y en cuanto a la relación entre] el dueño del edificio y/o solar y/o muebles y demás equipo y el que explota dicho negocio de hotel o casa de hospedaje. La aplicación de las secs. 181 a 214a de este título en cuanto a la relación entre el dueño del edificio y/o solar y/o muebles y demás equipo y el que explota dicho negocio de hotel o casa de hospedaje, continuará vigente respecto a casas de hospedaje, para el alojo de inquilinos residentes. (4) A *toda unidad de alquiler con una renta de $200.00 ó más por mes cuando la misma se usa para vivienda y con una renta de $400.00 ó más por mes cuando se usa para fines de negocios, industria, oficinas profesionales,* o para fines sociales y recreativos, *disponiéndose que los efectos legales* de este apartado (4) no serán aplicables a las unidades de alquiler usadas en el negocio de venta de gasolina al detal mediante arrendamiento." (Énfasis nuestro.)

Es de notarse que este artículo exime del control establecido por la Ley de Alquileres Razonables a las unidades de alquiler allí provistas.

■ La cuestión principal planteada es si la exención establecida en dicho artículo opera de pleno derecho, una vez que el arrendador y el inquilino pacten una renta de $400.00 ó más, o si, por el contrario, la Administración de Estabilización Económica tiene facultad para investigar si la renta pactada responde al valor real de la propiedad, y para determinar si la propiedad cualifica para descontrol.

Una cuestión similar fue planteada ante este Tribunal en los casos de *Vda. de Hernández* v. *Pérez Colón, Admor.,* 94 D.P.R. 807 (1967) y *Blanco Rojo* v. *A.E.E.,* 96 D.P.R. 231 (1968).

En el caso *Vda. de Hernández,* supra, expresó este Tribunal lo siguiente con respecto al Art. 4 de la Ley de Alquileres Razonables:

". . . Es solo con respecto a la propiedad no exenta, que el Administrador puede ejercer las facultades de fijar renta básica, decretar aumentos o rebajas en ésta, y entre otras más, cerciorarse del cumplimiento de dicha ley y de la consecución de sus fines y propósitos. En cuanto a los exentos, una vez comprobado que cumplen con los requisitos de exención establecidos por la ley, carece de facultad del [*sic*] Administrador para reglamentarlos o en forma otra alguna intervenir con su uso y disfrute, y mucho menos ir más allá de lo dispuesto en la ley y pretender, en el caso de viviendas con rentas de $200 al mes, hacer sus propios estudios para determinar si caen o no dentro de su jurisdicción. Una vez que el poder legislativo ha determinado eximir la vivienda que devenga esa renta, lo único que puede hacer el Administrador es cerciorarse que la propiedad se usa como vivienda y que en efecto la renta pactada es $200 ó más por mes. De ahí en adelante, no puede fijar un alquiler menor a base de ciertas normas y criterios en su oficina adoptadas al amparo de disposiciones de ley aplicables a unidades de alquiler aún sujetas al control de la Ley de Alquileres Razonables [citas]. Concluimos, por lo tanto que la disposición eximente del Art. 4 de la ley opera de pleno derecho una vez se determina que la unidad de alquiler cumpla con los requisitos de exención."

En el caso de *Blanco Rojo*, supra, se arrendó mediante contrato por un término de diez años un local comercial por un canon de $550.00 mensuales. Meses más tarde, el inquilino solicitó de la Administración de Estabilización Económica le rebajase dicho canon. El Administrador fijó un canon provisional de $183.50 mensuales. Estando el caso aún pendiente ante dicha entidad se aprobó la Ley Núm. 67 de 19 de junio de 1964, que dispuso en forma clara y expresa que las disposiciones de la Ley de Alquileres Razonables no se aplican a unidades de alquileres comerciales cuya renta es de $400.00 ó más por mes. Acto seguido el arrendador presentó al Administrador una "Solicitud de Descontinuación de los procedimientos Administrativos y Archivo de los Casos" la cual fue declarada sin lugar. Meses más tarde el Administrador dictó una orden fijando el alquiler máximo en $183.50. No conforme el arrendador recurrió para ante el Tribunal Superior el cual

revocó al Administrador y éste último junto con el inquilino recurrieron para ante este Tribunal. Citado con aprobación el caso de *Vda. Hernández*, supra, en cuanto a que la disposición eximente del Art. 4 de la Ley opera de pleno derecho una vez se determina que la unidad de alquier cumple con los requisitos de exención, expresó además lo siguiente este Tribunal:

"Esto es así porque la determinación de si va a existir o no control de alquileres es una determinación de política pública que corresponde a la Asamblea Legislativa decidir y no a los Tribunales de Justicia ni al Administrador de Estabilización Económica. Con la misma facultad 'que la Asamblea Legislativa decretó en 1946 un control casi total de los alquileres en el 1964 determinó que los locales de vivienda que pagan $200.00 ó más y los locales comerciales que paguen $400.00 ó más no estarán bajo el control y la reglamentación de la Administración de Estabilización Económica. No vemos cómo el Administrador de esa oficina puede regatearle a la Asamblea Legislativa que aprobó la ley y a su superior inmediato, el Gobernador, quien la firmó, la facultad de hacer esas determinaciones de orden público. La letra de la Ley Núm. 67 es explícita y clara y la misma no condiciona su vigencia al uso de ninguna discreción de parte de la Administración de Estabilización Económica ni a que se lleve a cabo procedimiento alguno ante esa oficina. No teniendo la propia ley condiciones, el Administrador no puede ponérselas."

Véase, además, el caso de *Gross* v. *Couser*, 45 N.W.2d 734, donde estaba envuelta la Sec. 202 del Housing and Rent Act, que establecía que ciertas propiedades estaban exentas de control. Sostuvo el tribunal en su opinión que dicha sección operaba automáticamente (*self-executing*).

■ A base de lo expresado entendemos que el Administrador de Estabilización Económica no tenía facultad para alterar el canon pactado por las partes en el contrato. Tampoco tenía facultad el Administrador para determinar, como determinó, que se trataba de dos locales comerciales separados. Lo convenido por las partes en virtud del contrato celebrado en 5 de junio de 1968 era que se alquilaba la totalidad de la

parte baja por un canon mensual de $400.00. Al no tener jurisdicción la Administración de Estabilización Económica incidió el Tribunal Superior al declararse sin jurisdicción para entender en la acción de desahucio presentada por el arrendador.

*Se dictará sentencia revocando la del Tribunal Superior y se devolverá el caso para ulteriores procedimientos.*