Rivera de Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El apelante solicita que dejemos sin efecto una sentencia parcial dictada el 7 de marzo de 1996 por el Hon. Francisco J. Viera Cruz, Juez del Tribunal de Primera Instancia, Sala *1163 Superior de Carolina, mediante la cual declaró con lugar una solicitud de sentencia sumaria.
Dispuso el tribunal que la demanda en el caso de autos debía ser desestimada porque una reclamación similar del peticionario había sido resuelta en forma final y firme por el Departamento de Servicios al Consumidor, en adelante D.A.C.O., sin que los demandantes hubieran recurrido de dicha decisión, teniendo a su disposición el recurso de revisión administrativa. Por considerar que procedía la aplicación de la doctrina de cosa juzgada, desestimó la reclamación por incumplimiento de contrato y ordenó la continuación de los procedimientos en el caso en cuanto a la reclamación de daños y perjuicios.
I
La sentencia apelada no pone fin a la totalidad del pleito, por lo cual el recurso que debió haberse presentado tenía que ser el de certiorari y no el de apelación. Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987); Asoc. de Propietarios v. Santa Bárbara, Co., 112 D.P.R. 33 (1982).
El Plan de Reorganización Número 1 de la Rama Judicial, aprobado el 28 de julio de 1994, conocido como Ley de la Judicatura de 1994, dispone en su Artículo 4.002 que este Tribunal conocerá, mediante recurso de apelación, de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito, durante el proceso de su abolición. Por haberse recurrido de una sentencia parcial que resolvió sólo parte de la controversia y no de una sentencia final, el recurso adecuado era el certiorari.
No obstante, a pesar de que el recurso instado fue denominado erróneamente apelación, en consideración al hecho de que hay algo intrínsecamente injusto en penar un defecto en el nombre o en la rúbrica que se le de a una moción, así como en la denominación del pleito o la súplica del remedio, no lo hemos tomado en forma adversa a la parte apelante. Tenemos muy presente, además, la norma enunciativa de que tal circunstancia no debe ser decisiva en cuanto a la manera en que la cuestión deba ser resuelta, desde el punto de vista de la realidad y la justicia sustancial, por lo que no será óbice para que el tribunal conceda el remedio que proceda, de acuerdo con las alegaciones y la prueba. Schmidt Monge v. Torres, 115 D.P.R. 414 (1984); Municipio de Cayey v. Angel Soto Santiago, 92 J.T.S. 97, _ D.P.R. _ (1992); Pueblo v. Cruzado, 74 D.P.R. 934 (1953); Pueblo v. Badrena e Hijos, 74 D.P.R. 225 (1952). Véase, además, José A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., pág. 342. Se acoge por tanto el recurso como uno de certiorari y así resolvemos.
II
Debemos ubicar la controversia en su correcta perspectiva para examinar los hechos y los asuntos de índole procesal que dan origen al recurso instado.
El 19 de febrero de 1992, el Sr. Hansel Moreno Torres y su esposa, la Sra. Judith Díaz García, demandantes, aquí peticionarios, compraron en Taino Motors, Corp., codemandada, aquí recurrida, un vehículo marca Mitsubishi, modelo Expo del año 1992. Dicho vehículo comenzó a presentar problemas mecánicos que impedían el buen uso del mismo. Los desperfectos señalados por el querellante consistían en:

"(a) Ruido en el tren delantero.

(b) Humeaba al encenderlo por la mañana.

(c) Emitía gases asfixiantes cuando era conducido.

*1164
(d) Problemas al frenar.

(e) "Chimeaba" cuando transcurría a más de sesenta (60) millas de velocidad.

(f) Al operar la reversa "hacía ruido como cancaneo".

(g) El sol había desgastado el plástico de las puertas.

(h) Problemas con el asiento del conductor." 

Después de varios intentos para que la casa vendedora corrigiera los desperfectos aludidos, el 4 de enero de 1993, el Señor Torres Moreno presentó una querella en el DACO contra Taino Motors, Corp., vendedora; Mitsubishi Motors Sales of Caribbean Inc., distribuidora y representante, y First Federal Savings Bank, financiera. Solicitó la rescisión del contrato y la devolución del dinero pagado.
Realizadas varias inspecciones por los técnicos automotrices del DACO y varios intentos para reparar los desperfectos, el 8 de febrero de 1994 se celebró una vista administrativa a la cual comparecieron todas las partes y presentaron prueba en apoyo de sus respectivas posiciones.
Sometido el caso, el 2 de mayo de 1994, la agencia emitió una resolución ordenando a los querellados a corregir los siguientes desperfectos:

"(a) Ruido en el motor.

(b) El asiento del conductor no cae en su lugar.

(c) Ruido en la "caña" del guía.

(d) Gasta las gomas deformemente.

(e) Ruido en la parte trasera del lado derecho."

Les concedió un plazo de veinte (20) días siguientes a la notificación de dicha resolución para reparar los mismos. Además, se les advirtió a los querellados que de no corregir los desperfectos señalados se resolvería el contrato y estarían obligados solidariamente a devolver el dinero. 
Luego de que el DACO declarara sin lugar varias mociones de reconsideración presentadas por ambas partes, el 15 de septiembre de 1994 fue inspeccionado el vehículo del querellante por dicho Departamento para comprobar si había sido reparado conforme a lo ordenado. El técnico automotriz de la agencia, en presencia de las partes y sus respectivos abogados, examinó el vehículo y determinó que estaba funcionado perfectamente en cuanto a lo ordenado en la resolución emitida. Cabe señalar que aun cuando no estaba en la lista de desperfectos, el inspector del DACO encontró que el evaporador del acondicionador de aire estaba roto. Ante esto, el querellante alegó que el aire estaba funcionando bien cuando lo llevó a reparar. Por su parte, los querellados señalaron que dicha pieza no tenía garantía. Salvo esta situación, ambas partes estuvieron de acuerdo con el informe.
El 19 de septiembre de 1994, los querellantes presentaron una "moción urgente" alegando que el vehículo todavía presentaba unos desperfectos en el asiento y el guía, así como ruido en el motor y en la parte trasera, los cuales no fueron detectados en la inspección. También *1165 señalaron como un nuevo desperfecto la falta de enfriamiento del acondicionador de aire.
Oportunamente, la parte querellada se opuso alegando que los desperfectos señalados fueron corregidos eficientemente con el consentimiento de la parte querellante. En cuanto al acondicionador de aire, alegaron que estaba dañado cuando recibieron el vehículo y que no le cubría la garantía.
El 10 de noviembre de 1994, el D.A.C.O. emitió y notificó ese mismo día una resolución disponiendo: "aténgase a lo resuelto".
Ante esa determinación, los querellantes no solicitaron reconsideración ni revisión judicial, por lo que la misma advino final y firme.
El 27 de enero de 1995, los querellantes presentaron ante el Tribunal de Primera Instancia, Sala Superior de Carolina, una demanda por incumplimiento de contrato, reclamando, además, daños y perjuicios contra las mismas partes querelladas ante el D.A.C.O., excepto, contra la co-querellada, First Federal Savings, que había sido exonerada. Alegaron que los querellados incumplieron con la resolución del D.A.C.O. al no reparar todos los desperfectos señalados. Por ello, solicitaron la rescisión del contrato, más cincuenta mil ($50,000.00) dólares por los daños y perjuicios que alegadamente le fueron ocasionados.
El 3 de mayo de 1995, la co-demandada, Mitsubishi Motors Sales of Caribbean Inc., presentó una moción de sentencia sumaria solicitando la desestimación de la acción. Argumentaron en dicha moción que la demanda constituia cosa juzgada ya que dicha controversia había sido adjudicada en sus méritos por la agencia administrativa, bajo la querella Núm. Q 93-1494, la cual advino final y firme.
El 15 de mayo de 1995, el demandante se opuso a la solicitud de sentencia sumaria.
Atendiendo las respectivas mociones y memorandos de derecho en favor y en contra de la moción de sentencia sumaria, el 7 de marzo de 1996 el Tribunal de Primera Instancia emitió una sentencia parcial declarando con lugar la solicitud de sentencia sumaria. Resolvió dicho tribunal que los demandantes, al no solicitar una revisión administrativa de la resolución emitida por el DACO, permitieron que la misma adviniera final y firme. En consecuencia, aplicó la doctrina de cosa juzgada a la causa de acción por incumplimiento de contrato. No obstante, ordenó la continuación de los procedimientos en cuanto a la reclamación de daños y perjuicios.
Inconforme con lo resuelto, el 16 de abril de 1996 los demandantes-peticionarios presentaron el recurso ante nos alegando que el tribunal de instancia cometió los siguientes errores:
"A. Erró el Honorable Tribunal de Instancia al declararse sin jurisdicción para reconocer el derecho de la parte demandante a exigir el cumplimiento de la orden del DACO y al negarse a implementar la misma cuando la parte demandante ha demostrado que la orden no ha sido cumplida, poniendo en peligro la seguridad física de los demandantes.

B. Erró el Honorable Tribunal de Instancia al declarar con lugar la moción de sentencia sumaria promovida por los demandados cuando existe clara controversia de hechos sobre si el asiento del conductor del vehículo del demandante ha sido reparado permanentemente conforme a la resolución emitida por DACO.

C. Erró el Honorable Tribunal de Instancia al determinar que la resolución de DACO constituye cosa juzgada a la demanda de epígrafe cuando la misma nofué [sic] incoada por 
*1166
la parte demandante en petición de revisión judicial sino para que el Honorable Tribunal implementara la Resolución emitida por DACO."

Perfeccionado el recurso, estamos en posición de resolver.
III
Los errores planteados están íntimamente relacionados, por lo que serán analizados conjuntamente. Veamos.
El Artículo 1204 de nuestro Código Civil establece los requisitos necesarios para la doctrina de cosa juzgada. El mismo dispone lo siguiente:

"Las presunciones establecidas por la ley pueden destruirse por la prueba en contrario, excepto en los casos en que aquélla expresamente lo prohíba.

Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión.

Para que la presunción de cosa juzgada surta efecto en otro juicio es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.

En las cuestiones relativas al estado civil de las personas y en las de validez o nulidad de las disposiciones testamentarias, la presunción de cosa juzgada es eficaz contra terceros, aunque no hubiesen litigado.

Se entiende que hay identidad de personas siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas."

La doctrina de cosa juzgada tiene el efecto de evitar que en un pleito posterior se litiguen cuestiones que ya fueron o que pudieron haber sido litigadas y adjudicadas en un litigio anterior. La misma está fundada en consideraciones de orden público y de necesidad. Con dicha doctrina se persigue poner fin a los litigios luego de haber sido adjudicados en forma definitiva por los tribunales y garantizar de este modo la certidumbre y seguridad de los derechos declarados por resolución judicial, para evitar gastos adicionales al Estado y a los litigantes. Worldwide Food Distributors, Inc. v. Alberic Colón, _ D.P.R. _ (1993), 93 J.T.S. 114.
La doctrina de cosa juzgada en el ámbito administrativo tiene varias vertientes, a saber: dentro de la misma agencia a sus propias decisiones; interagencialmente, es decir, de una agencia a otra y como ocurre en el presente caso, entre las agencias y los tribunales. Rodríguez Oyola v. Machado Díaz, _ D.P.R. _ (1994), 94 J.T.S. 82; Pagán v. Universidad, 107 D.P.R. 720 (1978).
Cuando una agencia administrativa actúa en una capacidad cuasi-judicial y resuelve controversias de hechos ante sí, que las partes han podido litigar en forma oportuna y adecuada, los tribunales no han vacilado en aplicar la doctrina de cosa juzgada para imponer descanso en la controversia. Rodríguez Oyola v. Machado Díaz, supra.
Para reconocer fuerza de cosa juzgada a una sentencia o decisión administrativa es necesario que concurra la más perfecta identidad entre las cosas, las causas, las personas de *1167 los litigantes y la calidad con que lo fueron. Acevedo Santiago v. Western Digital Caribe, Inc., _ D.P.R. _ (1996), 96 J.T.S. 42.
Tanto las partes como los hechos del caso de autos, así como el remedio solicitado, son idénticos a los de la querella ante el D.A.C.O. por lo que procedía aplicar la doctrina de cosa juzgada. Existe la más perfecta identidad entre las cosas, pues se trata del mismo vehículo de motor. También la causa es idéntica, pues alegaron incumplimiento de contrato y solicitaron la resolución del mismo. En cuanto a las personas de los litigantes, la parte querellante y los demandantes son los mismos e igual ocurre con los querellados y los demandados; y en cuanto a la calidad con que lo fueron, esto se refiere a las razones que motivan a procurar la rescisión del contrato y la devolución del dinero, lo cual es similar a la querella. Negrón v. C.I.T., 111 D.P.R. 657 (1981). Por ello, el tribunal determinó declarar con lugar la solicitud de sentencia sumaria.
El mecanismo de sentencia sumaria, bien utilizado, resulta ser una herramienta muy útil que contribuye a descongestionar los calendarios judiciales, ya que propicia la solución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, por lo que no ameritan la celebración de un juicio en su fondo. Méndez v. El Vocero, _ D.P.R. _ (1992), 92 J.T.S. 94; Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36. Deberá concederse cuando el tribunal quede convencido de que tiene ante sí hechos no controvertidos y surgiendo la inexistencia de una controversia real sobre todo hecho material pertinente, procede entonces como cuestión de derecho Tello Rivera v. Eastern Airlines, 119 D.P.R. 83 (1987). 
Usado este mecanismo con sabio discernimiento resulta ser un valioso mecanismo procesal para descongestionar los calendarios judiciales. Padín v. Rossi, 100 D.P.R. 259 (1971). Así también, un tribunal no puede en una moción de sentencia sumaria juzgar cuestiones de hechos y su autoridad se circunscribe a determinar si hay cuestiones que deben dilucidarse enjuicio. Sucn. Meléndez v D.A.C.O., 112 D.P.R. 86 (1982). Para considerar una moción de esta naturaleza, hay que presumir ciertos todos los hechos no controvertidos que se hacen constar en los documentos y declaraciones juradas que acompañan la misma. Corp. Presiding Bishop C.J.C. of L.D.S v. Purcell, 117 D.P.R. 714 (1986). 
En el presente caso, al considerar el tribunal la moción de sentencia sumaria, estaba en la obligación de evaluar si se había demostrado, fuera de toda duda, la inexistencia de una controversia real sobre todo hecho pertinente que a la luz del derecho sustantivo aplicable determinaría una sentencia a su favor como cuestión de derecho. Tello, Rivera v. Eastern Air Lines, supra; Jorge v. Universidad Interamericana, 109 D.P.R. 505 (1980); Flores v. Municipio, 114 D.P.R. 521 (1983); Cervecería Corona Inc. v. Tribunal Superior, 99 D.P.R. 698 (1971); Housing Inv. Corp. v. Sosa, 98 D.P.R. 247 (1970); Roth v. Lugo, 87 D.P.R. 386 (1963). El tribunal de instancia, luego de examinar la posición de ambas partes, determinó que no existían hechos materiales en controversia porque todos habían sido dirimidos y adjudicados en una decisión que ya era final y firme, por lo que consideró procedente la doctrina de cosa juzgada y desestimó la causa de acción por incumplimiento de contrato. El peticionario no solicitó una reconsideración a la agencia, ni interpuso revisión judicial de la resolución notificada el 10 de noviembre de 1994, conforme a lo dispuesto en las secciones 3.15 y 4.3 de la Ley Núm. 170 del 12 de agosto de 1988, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sees. 2165 y 2172, vigentes en ese momento. 
En lo pertinente, la sección 3.15 supra, disponía:
' ’Reconsideración

*1168
La parte adversamente afectada por una resolución, u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción cuya resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción. Si la agencia dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los noventa (90) días de haber sido radicada una moción acogida para resolución, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que el tribunal, por justa causa, autorice a la agencia una prórroga para resolver, por un tiempo razonable.

La moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial." (Enfasis nuestro.)
De igual modo, la 4.3 supra, disponía:

"Revisión-Términos para radicar

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal Superior con competencia dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo." (Enfasis nuestro.)
Al no cumplir el querellante-peticionario con los requisitos antes expresados, dicha resolución administrativa advino final y firme y el tribunal de instancia si consideraba el caso como una revisión administrativa, carecía de jurisdicción para examinarla. No obstante, no hay duda de que lo que intentaba el peticionario era revisar lo mismo que se había resuelto ya ante la agencia.
El peticionario alega en su escrito que dichos estatutos no son de aplicación al caso de autos porque la demanda presentada tenía el propósito de hacer cumplir la resolución de DACO, y no de solicitar una revisión.
No tiene razón. La agencia expresamente resolvió en su contra cuando dispuso: "Aténgase a lo resuelto", por lo que fueron rechazadas de plano las alegaciones del querellante-peticionario. Si se hubiese resuelto la controversia a su favor, era dicho Departamento el que venía obligado a poner en vigor su orden, de conformidad con lo dispuesto en el artículo 7 de la Ley Núm. 148 de 27 de junio de 1968, según enmendada. La susodicha orden tuvo el efecto para todos los propósitos de un "no ha lugar" y si no estaba conforme el querellante tenía que solicitar reconsideración y luego revisión judicial si no era resuelta a su favor la reconsideración.
En el presente caso, esta parte evidentemente pretende utilizar el mecanismo de una acción *1169 civil independiente para impugnar la validez de la resolución administrativa, decisión que ya era final y firme.
Las acciones independientes no pueden tener el propósito de sustituir el procedimiento de revisión o de proveer un remedio adicional contra una sentencia errónea. De permitirlo indiscriminadamente, estaríamos convirtiendo la acción independiente en un mecanismo procesal para extender indirectamente los términos para revisar las sentencias, en menoscabo del interés fundamental en la estabilidad y certeza de los procedimientos judiciales. Figueroa v. Banco de San Juan, 108 D.P.R. 680 (1979). Ningún litigante tiene derecho a que sus reclamaciones adquieran un estado perpetuo de permanencia en los tribunales, manteniendo a la otra parte en una incertidumbre continua. Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294, 299 (1989).
Inexcusablemente, la parte demandante-peticionaria dejó transcurrir el término jurisdiccional de (30) días que tenía para acudir en revisión ante el tribunal de instancia. Ello ocasionó que la resolución administrativa del D.A.C.O. se tornara final y firme. Así pues, renunció con inexplicada pasividad a los fundamentos de error que ahora ha pretendido levantar en el presente caso.
La parte de la sentencia recurrida que dispone la continuación de los procedimientos en cuanto a la reclamación de daños y perjuicios no ha sido traída a la atención de este Tribunal por ninguna de las partes. Sin embargo, surge inequivocamente de la demanda que la reclamación de daños y perjuicios está basada en el alegado incumplimiento del contrato; controversia que ya fue dirimida y adjudicada en sus méritos por la agencia. Por tal razón, el tribunal de instancia podría estar impedido en su día de evaluar tales daños. No obstante, en deferencia a dicho foro y ante el hecho de que aún no ha desfilado esa prueba, nos abstenemos de resolver un aspecto sobre el cual el tribunal de instancia no ha pasado juicio.
IV
Por los fundamentos antes expresados, se expide el auto solicitado y se confirma la sentencia recurrida.
Remítase el caso al Tribunal de Primera Instancia, Sala Superior de Carolina, para la continuación de los procedimientos en forma consistente con la presente Sentencia.
Acogido el recurso como certiorari, disponemos que la Secretaría deberá dar de baja el recurso de apelación erróneamente denominado y conceder el número correspondiente.
Lo acordó y lo ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97DTA79
1. Fue notificada el 18 de marzo de 1996.
2. Dicha ley fue enmendada por la número 248, aprobada el 25 de diciembre de 1995, para tener vigencia el primero de mayo de 1996, por lo cual al presente caso le aplican las disposiciones de la primera. Sin embargo, la nueva ley contempla el recurso en forma similar.
3. Véase la querella, a la pág. 19 del Apéndice Conjunto.
4. Antes, Tamachi Inc.
*1170 5. La co-querellada First Federal Savings Bank fue exonerada.
6. El vehículo fue examinado también por otro técnico automotriz, Ricardo Domínguez Talavera, contratado por los querellantes.
7. Véase el Informe de Investigación, pág. 146, del Apéndice Conjunto.
8. Setenta y ocho (78) días después de emitida la resolución administrativa.
9. 31 L.P.R A. See. 3343.
10. Véase la demanda y la querella que obran en el Apéndice Conjunto, a las págs. 1-3 y 19.
11. En términos generales, al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del Tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos El tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. PFZ Properties Inc., v. General Accident Insurance Company. P.R. Ltd, _ D.P.R. _ (1994), 94 J T S 116.
12. La Regla 36.3 de la de Procedimiento Civil, dispone lo siguiente:

"Moción y procedimiento

La moción se notificará a la parte contraria con no menos de diez (10) días de anticipación a la fecha señalada para la vista. Con anterioridad al día de la vista, la parte contraria podrá notificar contradeclaraciones juradas. La sentencia solicitada se dictará inmediatamente si las alegaciones, disposiciones [deposiciones], contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente. Podrá dictarse sentencia sumaria de naturaleza interlocutoria resolviendo cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito." 32 L.P.R.A. Ap. Ill, R. 36.3.
13. Tampoco presentó un escrito de revisión ante el Tribunal Superior. Regla 3 para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-B, vigente para esa fecha.
14. De hecho, así lo reconoce el peticionario en su demanda al expresar en el párrafo 7 de la misma que "dicha Resolución es final, firme e inapelable y constituye una adjudicación en los méritos".
15. "Orden de cesar y desistir

(c) El Director podrá recurrir al Tribunal Superior de Puerto Rico en solicitud de que se ponga en vigor cualquier orden correctiva. 23 L.P.R.A. see. 1007 (c). Véase, además, D.A.C.O v. Alturas de Florida Development Corp, _ D.P.R. _ (1993), 93 J.T S. 33, a la pág. 10,478.

16.En cuanto a este aspecto debe tomarse en consideración la doctrina de impedimento colateral por sentencia la cual es una modalidad de la doctrina de cosa juzgada. La diferencia entre ambas es que la aplicación de la doctrina de impedimiento colateral no depende de que se configure el requisito de identidad de causas, que sí es *1171 indispensable para la aplicación de la defensa de cosa juzgada. Acevedo Santiago v. Western Digital Caribe Inc. et als, _ D.P.R _ (1996), 96 J.T S 42; Worldwide Food Distributors Inc. v. Alberic Colón, supra.