ESTADOS UNIDOS DE AMÉRICA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Núm. 1030.—*Sometido:* Noviembre 7, 1938. *Resuelto:* Diciembre 13, 1938.

A. *Cecil Snyder,* United States Attorney for the District of Puerto Rico, y *R. B. Pérez Mercado,* Chief, Land and Title Section, Legal Division PRRA, como *amicus curiae;* el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Por escritura número 19, de 10 de agosto último, otorgada ante el Notario Angel Padró, Rafaela Molini Ruiz vendió a los Estados Unidos de América, para los fines y dentro del programa de rehabilitación rural de Puerto Rico, dos fincas rústicas, una de las cuales es segregación de otra. Presentado el documento para la inscripción de las dos fincas en el Registro de la Propiedad de San Germán, el registrador lo inscribió en cuanto a la primera y lo denegó en cuanto a la segunda, que es la segregada, extendiendo al calce del documento la siguiente nota:

"Inscrito el presente documento en cuanto a la finca letra A, al folio 121 vuelto del tomo 71 de Yauco, fca. número 3198, inscripción 1ra., y denegada la inscripción en cuanto a la finca letra B, por no haberse acompañado el plano de la finca, de acuerdo con la resolución conjunta número 55, aprobada por la Legislatura de P. R. el día 15 de mayo de 1937, convalidada por una ley del Congreso de fecha 13 de junio de 1938, habiéndose en su lugar tomado ano-

tación preventiva por el término de 120 días, al folio 164 del tomo 94 de Yauco, finca 3665, anotación letra A. Afectas ambas fincas en unión a otras más, a una mención de bajas por la suma de $31,857.67. San Germán, a 26 de agosto de 1938.''

No conforme los Estados Unidos de América con la nota transcrita en lo que a la finca segregada respecta, por su representación legal interpuso este recurso gubernativo solicitando la revocación de aquella parte de la misma que le perjudica, fundándose en los siguientes motivos:

''(a) Porque aún cuando la Resolución Conjunta número 55 antes citada exigiese la presentación de planos en el Registro de la Propiedad, el Gobierno de los Estados Unidos de América no está incluído en los términos y disposiciones de dicha Resolución.

''(b) Porque de acuerdo con la Resolución Conjunta número 55, de 15 de mayo de 1937, no es necesario ni mucho menos obligatorio acompañar planos de segregación o agrupación o de otra clase a las escrituras que se presenten para inscripción en los Registros de la Propiedad.

''(c) Porque aún cuando aceptando que al amparo de las disposiciones de la Ley el Registrador estuviera justificado al requerir la presentación del plano, ni esta ley ni ninguna otra ley en Puerto Rico hacen depender la validez de la transacción del plano de referencia, y consecuentemente la no presentación del plano no justifica la calificación de defecto subsanable ni insubsanable, de acuerdo con el artículo 65 de la Ley Hipotecaria.''

Las cuestiones suscitadas por el recurrente nos llevan a determinar el alcance e interpretación que deba darse a la resolución conjunta aludida. A ese efecto y para la mejor comprensión del problema, transcribiremos las secciones pertinentes a la controversia, no sin antes considerar cuál fué el propósito legislativo al aprobar la referida resolución.

El objeto primordial de la legislación que nos ocupa, según se desprende de todo su contexto y especialmente de su título y del preámbulo que precede a su articulado, es facilitar la formación del plano catastral de la Isla de Puerto Rico, expresándose a la vez en el preámbulo otras ventajas

de segundo orden que se obtendrían con la ameritada legislación.

Las secciones pertinentes antes aludidas son las siguientes:

"Sección 1.—Por la presente se autoriza al Comisionado 'del Interior de Puerto Rico, para que todos los planos de fincas rústicas o urbanas, pertenecientes a personas particulares, entidades municipales y al Gobierno Insular de Puerto Rico que sean levantados por ingenieros y agrimensores que posean una licencia para ejercer sus respectivas profesiones, se sometan a la aprobación de dicho funcionario; acompañándose con el original tres copias heliográficas de los mismos, para que después de aprobadas, quede copia de ellos en los archivos en su departamento, con el fin de irlas relacionando en un plano general que la División de Terrenos Públicos y Archivos del Departamento del Interior procederá a preparar para llevar a cabo el plano catastral de la Isla.

"Sección 2.—No se admitirá en los registros de la propiedad, cortes de justicia u oficinas gubernamentales de esta Isla, ninguna copia de planos que no haya sido previamente aprobada por el Comisionado del Interior de Puerto Rico.

". . . . . . . . . . .

"Sección 7.—De toda segregación o agrupación que se haga de cualquier finca o fincas, deberá presentarse plano, haciendo constar en él la parte segregada o las fincas que se agrupan." (Leyes de 1937, 639–641.)

La sección primera antes transcrita autoriza al Comisionado del Interior de Puerto Rico a que se reciba para su aprobación y archivo planos de fincas 'rústicas o urbanas pertenecientes a (1) personas particulares, (2) entidades municipales, y (3) al Gobierno Insular, levantados por ingenieros y agrimensores *que posean una licencia para ejercer sus respectivas profesiones.*

No todo plano, de acuerdo con esta sección, está sujeto a aprobación y archivo en el Departamento del Interior. La sección primera exige como requisitos indispensables (*a*) que el objeto del plano sean fincas rústicas o urbanas, (*b*) que pertenezcan éstas a cualesquiera de las tres entidades antes enumeradas, y (*c*) que los planos sean levantados por inge-

nieros o agrimensores autorizados mediante licencia para ejercer sus respectivas profesiones.

Claro es que el Gobierno de los Estados Unidos de América no está comprendido, en la frase "personas particulares" y por consiguiente los planos que de sus fincas rústicas o urbanas se levanten no están sujetos a aprobación y archivo por el Comisionado del Interior. *Expressio unius est exclusio alterius.*

La sección primera no hace obligatoria la presentación de planos para su aprobación y archivo por el Comisionado del Interior, pero inspirado quizá en la norma seguida por los redactores de la Ley Hipotecaria para obligar a los interesados a presentar sus títulos en el Registro de la Propiedad, el legislador, persiguiendo el mismo propósito con respecto a los planos, indirectamente hace compulsoria su presentación, al disponer en la sección 2 que no se admitirá en los registros de la propiedad, cortes de justicia y centros gubernativos ninguna copia de planos que no haya sido previamente aprobada por el Comisionado del Interior de Puerto Rico. Muy corriente es en los tribunales de justicia presentar en evidencia y acompañar como *exhibits* planos de fincas rústicas y urbanas. Con menos frecuencia se presentan también planos en los centros gubernativos en relación con asuntos administrativos; pero no sucede lo mismo en los registros de la propiedad, donde ni la Ley Hipotecaria ni ninguna otra legislación requiere la presentación de planos. Viene entonces la sección 7 a suplir el defecto exigiendo que de toda segregación o agrupación que se haga de cualquier finca o fincas deberá presentarse plano, el que desde luego, de acuerdo con la sección 2, deberá ser aprobado por el Comisionado del Interior. Pudo el legislador, a los fines expresados, ir más lejos aún y requerir la presentación de planos, no solamente cuando de inscribir segregaciones o agrupaciones se tratare, si que también en el caso de cualquier otra operación que hubiera de practicarse en el registro de la propiedad. El no

haber ido tan lejos como pudo hacerlo no afecta, desde luego, la eficacia de la disposición legislativa. Tampoco empece a la validez de la sección 7 el hecho de que el plano no sea necesario para practicar operaciones en el Registro ni que no exista deber alguno por parte del registrador de archivarlo, pues como hemos indicado, el fin perseguido por el legislador es conseguir indirectamente la presentación de los planos al Comisionado del Interior, aumentando así los casos en que tal aprobación y archivo son necesarios, y consiguientemente acumulando mayor número de ellos para facilitar la formación del plano catastral.

A los fines del Registro, se daría cumplimiento al precepto legislativo acompañando el plano al documento cuya inscripción se solicite, devolviéndolo luego el Registrador al interesado una vez inscrito el documento, expresando en la nota de inscripción al calce del mismo, así como en el asiento que cause el título en el registro, que el plano se presentó y lo tuvo el registrador a la vista conforme exige la ley.

El hecho de que ningún otro fin práctico pudiera obtenerse con la legislación que nos ocupa es inmaterial. No es dable a los tribunales entrar a considerar los méritos intrínsecos de una ley, incumbencia ésta del poder legislativo y no del judicial, cuya misión es aplicar e interpretar las leyes.

Réstanos ahora determinar si la sección 7 es o no aplicable a las segregaciones o agrupaciones que interese inscribir los Estados Unidos de América. Si interpretásemos la sección 7 independientemente de las secciones 1 y 2, y perdiésemos de vista el propósito legislativo ya expuesto, se impondría la afirmativa, ya que dicha sección 7 por sus propios términos no establece excepción alguna, y donde la ley no distingue los tribunales no deben distinguir. Pero es regla cardinal de hermenéutica que las distintas secciones de una ley deben interpretarse refiriéndose las unas a las otras, puesto que lo que es claro en uno de sus preceptos puede dar

luz en lo que resulte dudoso en otro, y dispone además el Código Civil en su artículo 19 que el medio más eficaz para descubrir el verdadero sentido de una ley cuando sus expresiones son dudosas es considerar la razón y espíritu de ella o la causa o motivos que indujeron al poder legislativo a dictarla.

Si la sección primera no exige ni autoriza que los planos de fincas pertenecientes a los Estados Unidos sean sometidos a la aprobación del Comisionado del Interior, ¿a qué fin congruente con el propósito y espíritu de la ley conduciría exigir la presentación en el registro de planos no aprobados por el Comisionado del Interior y consecuentemente sin la autenticidad necesaria para la formación del plano catastral de la Isla de Puerto Rico? Estas consideraciones nos llevan a la conclusión de que no es necesario cuando de inscribir segregaciones o agrupaciones de fincas pertenecientes a los Estados Unidos se trate, presentar en los registros de la propiedad los planos de dichas fincas.

*Por lo expuesto, procede revocar la nota recurrida y devolver el documento al Registro de la Propiedad de San Germán para que se sirva practicar la inscripción denegada, sin defecto alguno.*

El Juez Presidente Señor del Toro no intervino.