Sucesión Dr. Manuel Meléndez, etc., demandantes y recurrentes, *v.* Hon. Carmen T. Pesquera de Busquets, en su carácter de Secretaria del Departamento de Asuntos del Consumidor, recurrida; Octavio Alvarado, h.n.c. Bayamón Highway Motors, interventora.

*Número:* O-80-302     *Resuelto:* 2 de febrero de 1982

*Jorge Benítez Gautier,* abogado de los peticionarios; *Guillermo Bauzá,* abogado del interventor. La parte recurrida no compareció.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

La recurrente Sucesión del Dr. Manuel Meléndez Martínez dio en arrendamiento al interventor recurrido Octavio Alvarado un solar de 1,217.76 m/c de uso comercial en el Km. 11.7 de la carretera estatal Núm. 2, jurisdicción de Bayamón por canon de $400 mensuales, y término de un año partiendo del 1° enero, 1973, prorrogable por subsiguientes períodos de un año "mediante previo acuerdo al efecto de ambas partes", contrato que fue formalizado en la escritura Núm. 4 otorgada en Bayamón el 23 enero, 1973 ante el notario Sr. Francisco A. Colón Cruz. Por unos cuatro años el arrendatario cumplió lo pactado pagando el canon de $400 por mes, mas luego al

surgir divergencias entre las partes y la posibilidad de un desahucio, el inquilino acudió al Departamento de Asuntos del Consumidor (DACO) con solicitud para fijación de alquiler máximo, y por su cuenta, sobre la protesta de la sucesión arrendadora, redujo los pagos mensuales a $150 que luego rebajó aún más a $23.02 mensuales cuando DACO fijó en esta última cantidad el alquiler máximo prospectivo del solar, según resolución de 13 febrero, 1979. Poco después, en abril siguiente, el arrendatario instó acción civil sobre rembolso de sobreprecio y triple daño en que pide se condene a la sucesión arrendadora a pagarle una suma en exceso de $77,000.

El pleito se ha desarrollado en dos vertientes: la demanda civil de rembolso y daños en la que la Sala de Bayamón denegó la moción de sentencia sumaria de la demandada basada en falta de jurisdicción en DACO para intervenir con el canon libremente pactado por las partes, *certiorari* denegado por este Tribunal (O-79-576); y la revisión en la vía administrativa de la acción de DACO que asumió jurisdicción y por la citada resolución rebajó un canon acordado en contrato de $400 a $7.69 por mes retroactivo y $23.02 prospectivo. El Tribunal Superior despachó con *no ha lugar* la petición de revisión, y desde 29 mayo, 1980 en que se presentó escrito de oposición por el inquilino interventor se halla pendiente ante nos para proveer, la petición de *certiorari* de la arrendadora recurrente. La presencia en autos de escritos de ambas partes en que formulan sus respectivas posiciones nos permite resolver el caso por vía de la Regla 50 de nuestro Reglamento.

■ No procede la excepción de cosa juzgada opuesta por la recurrida. La resolución del Tribunal Superior denegatoria de la moción de sentencia sumaria basada en la falta de jurisdicción de DACO no adjudicó esta cuestión con finalidad y sí sólo la remitió para decisión en juicio. El *issue* de jurisdicción de la agencia administrativa se

hallaba pendiente ante la propia agencia en proceso paralelo a la acción civil y aparecía envuelto con cuestiones de hecho como el historial arrendaticio del solar que se retrotrae a una renta de $150 mensuales en fecha anterior a 1973 y falta de afirmación en precepto de ley o jurisprudencia en cuanto a si la situación factual específica que confrontaba la sala de instancia sacaba el solar del control de DACO. "El Tribunal", dicen Wright y Miller, [1] "no puede juzgar cuestiones de hecho en moción bajo la Regla 56 [Regla 36 de P.R.] y su autoridad se circunscribe a determinar si hay cuestiones que deben ventilarse en juicio . . . simplemente precisar si existe cuestión justiciable más bien que resolver la misma . . . ."

▇▇▇▇ Una sentencia sumaria, por constituir una decisión en los méritos, es precedente de cosa juzgada cuando se opone entre partes debidamente relacionadas. La denegación de una moción de sentencia sumaria, sin embargo, no va más allá de establecer la ley del caso para una ulterior moción basada precisamente en los mismos fundamentos. Wright y Miller, *Federal Practice & Procedure: Civil*, Vol. 10, pág. 668. No tiene más valor de finalidad adjudicativa de la cuestión de jurisdicción, la resolución de instancia que denegó la moción de sentencia sumaria del demandado-recurrente, y el *certiorari* denegado (O-79-576) por este Tribunal no revistió la decisión de instancia de virtualidad de cosa juzgada que nunca ha tenido. *Sucn. Andrades* v. *Sosa*, 45 D.P.R. 732 (1933).

Sostiene la Administración —y el interventor— que la exención parcial de reglamentación se aplica a estructuras mas no a solares y sobre dicha premisa apoya su reclamo de jurisdicción para imponer un canon distinto al convenido. Ordena el Art. 4(b)(4) de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 184(b)(4):

---

[1] *Federal Practice & Procedure: Civil*, Vol. 10, págs. 379–381.

(b) No se aplicarán las disposiciones [de las secs. 181 a 214a] de este título a las siguientes propiedades:

.     .     .     .     .     .     .     .

(4) A toda unidad de alquiler con una renta de $200.00 o más por mes cuando la misma se usa para vivienda y con una renta de $400.00 ó más por mes cuando se usa para fines de negocios, industria, oficinas profesionales, o para fines sociales y recreativos.

En su Art. 22 (17 L.P.R.A. sec. 212) dicho estatuto comprende las siguientes definiciones:

(f) "Propiedad de alquiler" incluye edificio, habitación, apartamiento o cualquier parte de los mismos irrespectivo de su uso, *solares* dedicados a cualquier fin. . . . [Énfasis nuestro.]

.     .     .     .     .     .     .     .

(m) "Unidad de Alquiler" se refiere e incluye cada una de las viviendas o cada uno de los locales alquilados separadamente en el *mismo edificio*. (Énfasis nuestro.)

La integración analógica de estas disposiciones a la luz de la Exposición de Motivos de la Ley que incluye los solares entre los bienes objeto de reglamentación, y el Art. 18 del Código Civil normativo en cuanto a que las disposiciones de ley deben ser interpretadas refiriendo las unas a las otras[2] "por cuanto lo que es claro en uno de sus preceptos pueda ser tomado para explicar lo que resulte dudoso en otro", inevitablemente lleva a la conclusión de que incluidos los solares en la reglamentación estatutaria como *propiedad* de alquiler (apartado (f), Art. 22, *supra*) están también comprendidos en el concepto "unidad de alquiler" del apartado (m) y se extiende a ellos, al igual que a las estructuras, la norma de exención a base de canon, arriba transcrita, que significativamente agrupa tanto edificaciones como solares en su introducción de

[2] *Estados Unidos de América* v. *Registrador*, 53 D.P.R. 944 (1938); *A. Roig, Sucrs.* v. *Junta Azucarera*, 77 D.P.R. 342 (1954).

inciso (b) bajo el término genérico de "propiedades". Un solar es, por tanto, unidad de alquiler cuyo canon puede determinar la exención e inaplicación de disposiciones regulatorias ordenadas en el transcrito Art. 4(b)(4). *Cf. Pons v. Dir. Adm. S. Consumidor*, 99 D.P.R. 551, 553 (1971).

Esta exención opera de pleno derecho, sin que sea necesario el visto bueno de la agencia que administra el control de alquileres. *Agulló v. ASERCO*, 104 D.P.R. 244 (1975); *B. Fortaleza Corp. v. Bouzá*, 101 D.P.R. 270 (1973). Una vez que en el mercado de alquileres y mediante libre contratación entre arrendador y arrendatario la unidad arrendaticia alcanza el canon límite fijado en el Art. 4(b)(4) la eficacia de pleno derecho de esa exención[3] no necesita el auxilio de evaluación por DACO y dicha agencia pierde toda jurisdicción para reglamentarlo. Si fuese irrestricto el poder de DACO para intervenir con cánones de alquiler acordados mediante contratación privada en consideración a factores y fluctuaciones económicas que en última instancia determinan la productividad y rentabilidad del inmueble, tal facultad estaría teñida de matiz confiscatorio, con mayor razón si su ejercicio es capaz, como en el presente caso, de rebajar de $400 a $7.69 por mes el canon contractual, y de paso generar cuantiosa indemnización para el infractor del contrato; y en tal extremo suscitaría problemas de contravención del derecho de propiedad que amparan la Constitución y el Código Civil. *Cf. Rivera v. R. Cobián Chinea & Co.*, 181 F.2d 974 (1950); Art. 282 del Código Civil, 31 L.P.R.A. sec. 1113.

Sólo podrá limitarse ese derecho en aras de un predominante interés del Estado en proteger la vivienda y el pequeño negocio de las clases más desvalidas frente al poder económico del casero, cuyo nivel de protección regulatoria corresponde fijarlo a la Asamblea Legislativa

---

[3] Así reconocida desde *Vda. de Hernández v. Pérez Colón, Admor.*, 94 D.P.R. 807 (1967); *Blanco Rojo v. A.E.E.*, 96 D.P.R. 231 (1968).

dentro de normas de razonabilidad, como así lo ha hecho al excluir de control las rentas de $200 en viviendas, y $400 en locales comerciales y otros de fines no residenciales. La firma del arrendatario en el contrato con canon en exceso de dichos límites, es acto válido de su autonomía contractual y renuncia expresa a la protección que brinda la Ley de Alquileres, pues le niega toda jurisdicción a la agencia reguladora del precio. En el caso que nos ocupa, el arrendatario recurrido no sólo firmó la escritura en que se estipula un canon mensual de $400, sino que obtuvo prórrogas anuales del contrato y pagó el canon por casi cuatro años. Su acción renegando de lo pactado y su solicitud a DACO para que reajustara el canon es gesto ineficaz que no abre para él las puertas de la agencia que previamente cerró al contratar fuera de los límites de control gubernamental de alquileres.

Con estos antecedentes y fundamentos, *se expedirá el auto, se anularán la resolución recurrida y todos los demás procedimientos efectuados por el Departamento de Asuntos del Consumidor sin jurisdicción para ello y se mantendrá la legalidad del canon estipulado en el contrato de arrendamiento.*

El Juez Asociado Señor Negrón García concurre con el resultado sin opinión.