Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El demandado y hoy apelante, Almacenes Yakima del Atlántico, Inc., h/n/c Topeka ("Yakima") recurre insatisfecho de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Arecibo, el 10 de julio de 1998, mediante la cual se acogió una solicitud de sentencia sumaria presentada por el apelado Municipio de Arecibo ("Municipio"), luego de consideradas la "Moción de Desestimación y/o Sentencia Sumaria" presentada por Yakima, y la correspondiente "Moción en Oposición...". Examinado la totalidad del expediente ante nuestra consideración, revocamos.
I
El 29 de enero de 1991, la Corporación de Desarrollo Económico del Atlántico, Inc. ("CODEA"), corporación especial creada bajo el Capítulo 233 de la Ley de Municipios Autónomos de Puerto Rico, 21 L.P.R.A. See. 4801 y ss., y Yakima contrataron el arrendamiento de un local para el establecimiento de una tienda Topeka, en el edificio Arecibo Centro Plaza, en Arecibo, Puerto Rico. La contratación establecía un canon mensual de $12,916.67, por cinco (5) años, término que sería renovado automáticamente por cinco (5) períodos consecutivos, bajo iguales términos. El arrendatario (Yakima) podría rescindir el contrato toda vez que, con seis (6) meses de antelación, notificara por escrito, a CODEA, de su intención de dar por terminada dicha relación.
El 27 de marzo de 1992, CODEA ofreció en garantía hipotecaria, al Banco Gubernamental de Fomento ("el Banco"), el canon de los arrendamientos que gravaban el préstamo que, sobre la propiedad arrendada, le extendiera el Banco a CODEA. 
Yakima pagó los cánones mensuales hasta el mes de enero de 1994, quedando insatisfechas las rentas vencidas con posterioridad. El 26 de junio de 1995, dentro del término dispuesto por las partes, Yakima cursó una comunicación a CODEA para indicarle que "... Topeka de Arecibo está considerando su intención de no continuar en Arecibo Centro Plaza...". 
Posteriormente, CODEA incumplió con el pago del préstamo hipotecario, por lo que, el Banco ejercitó el derecho de garantía de que era acreedor. Mediante carta suscrita el 29 de agosto de 1995, el Banco designó al Municipio como su agente para cobrar los cánones de arrendamiento relacionados a la referida cesión. 
*983 El 30 de agosto de 1996, el apelado presentó una "Demanda" sobre Incumplimiento de Contrato y Cobro de Dinero en la que reclamó su derecho a cobrar las rentas vencidas y no satisfechas, ascendentes a $400,416.77, cedidas por CODEA al Banco, y de éste al Municipio, con posterioridad a gestiones extrajudiciales de cobro infructuosas. En la vista de conferencia con antelación al juicio, del 29 de agosto de 1997, las partes acordaron que la cantidad adeudada por Yakima a CODEA, correspondiente a las rentas vencidas desde febrero de 1994 a enero de 1996, ascendían a $297,083.41, cantidad que fue consignada y satisfecha mediante depósito ante el Tribunal de Primera Instancia, en Arecibo, cuyo pago fue distribuido mediante tres distintos desembolsos. 
El 24 de julio de 1998, la parte apelante trajo como tercero demandado a CODEA para que éste, de resultar necesario, respondiera solidariamente (con Yakima), toda vez que incumplió con su obligación de velar por el mantenimiento y reparación del edificio arrendado y otras obligaciones contractuales contraídas, entre otras: hacer falsas representaciones, por la pérdida de gastos proyectados y debido a gastos innecesarios incurridos. Posteriormente, por no haberse recibido contestación a la Demanda contra Tercero, el Tribunal de Primera Instancia anotó la rebeldía, notificando de ello a las partes el 6 de noviembre de 1997. 
Atendiendo los reclamos documentados de las partes, el Tribunal de Primera Instancia declaró no ha lugar la solicitud de sentencia sumaria y la demanda contra tercero presentadas por la parte apelante y ha lugar, otra solicitud de sentencia sumaria presentada por el apelado.
En su recurso ante este foro, el apelante alega, en síntesis, que el foro apelado incurrió en los siguientes errores; dictar sentencia sumaria a favor de los apelados, desestimar la demanda contra tercero y ordenar el pago de los cánones de arrendamiento desde enero de 1996.
II
La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, faculta a una parte a presentar una moción con el fin de que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de una reclamación. Soto v. Caribe Hilton, _ D.P.R. _ (1994), 94 J.T.S. 128, a la pág. 311.
De otra parte, la Regla 36.3 del mismo cuerpo legal, autoriza al tribunal dictar sentencia sumaria cuando no existe "controversia real sustancial en cuanto a ningún hecho material y... como cuestión de derecho debe dictarse sentencia a favor de la parte promovente". Véanse, Rodríguez v. Secretario de Hacienda, _ D.P.R. _ (1994), 94 J.T.S. 20, a la pág. 11550; Corp. Presiding Bishop C.J.C. of LDS v. Purcell, 117 D.P.R. 714, 720-721(1986); Tello v. Eastern Air Lines, 119 D.P.R. 83, 86 (1987).
El propósito principal de la moción de sentencia sumaria es propiciar la solución justa, rápida y económica de los pleitos que no presentan controversias genuinas y sustanciales de hechos materiales, por lo que resulta innecesaria la celebración del juicio plenario. Hurtado Latre v. Osuna y Fresse, _ D.P.R. _ (1995), 95 J.T.S. 98, a la pág. 1065. Utilizado correctamente, es un vehículo procesal adecuado que contribuye a descongestionar los calendarios judiciales. Pilot Insurance Company v. Crespo Martínez, _ D.P.R. _ (1994), 94 J.T.S. 104, a la pág. 21.
La sentencia sumaria procede únicamente en casos claros en ocasión del tribunal tener ante sí la verdad sobre todos los hechos pertinentes y no hace falta el juicio en su fondo. J.A.D.M. v. Centro Comercial Plaza Carolina, _ D. P. R. _ (1993), 93 J.T.S. 26, a la pág. 10439. La determinación de disponer de un litigio mediante este mecanismo es un asunto inminentemente discrecional del Tribunal de Primera Instancia. Sólo en casos de abuso de la discreción conferida es que habremos de intervenir. PFZ Properties v. General Accident Insurance Corp., _ D.P.R. _ (1994), 94 J.T.S. 116, a la pág. 124.
Al dictar sentencia sumaria, el tribunal deberá: (1) analizar los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Corp. Presiding Bishop C.J.C. of LDS v. Purcell, supra.
*984 El tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. PFZ Properties v. General Accident Insurance Corp., supra, a la pág. 125.
Al analizar los hechos del presente caso, no podemos sino concluir que el foro de instancia incurrió en el abuso de la discreción que le fue conferida. Veamos.
Existen litigios y controversias que por la naturaleza de los mismos no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente, en tales casos, el tribunal puede reunir toda la verdad de los hechos mediante el examen directo de los "affidavits” o deposiciones que tiene ante su consideración.
En este caso encontramos una de esas controversias típicas, centradas en elementos subjetivos, como la intención y los propósitos mentales, en las que el factor de credibilidad juega un papel esencial, si no el decisivo, para llegar a la verdad y donde un litigante depende en gran medida de lo que extraiga del contrario, en el curso de un juicio en su fondo. García López v. Méndez García, 88 D.P.R. 363, 379 (1963). Constituye una de esas situaciones donde, por su naturaleza, el tribunal de instancia podría no tener ante sí toda la verdad de los hechos, mediante el uso exclusivo de los documentos existentes en los autos. Soto v. Hotel Caribe Hilton, supra.
El 21 de abril de 1998, Yakima presentó una Moción de Sentencia Sumaria debidamente acompañada de una declaración jurada, suscrita por el Sr. Julio Estrella Akel, Presidente de Almacenes Yakima del Atlántico, Inc., en la que, en síntesis, se expuso la posibilidad de la existencia de un nuevo acuerdo sobre las condiciones del arrendamiento, acuerdo efectuado mediante reunión de éstos, personal del Municipio y representantes de CODEA, durante el mes de octubre de 1995 Como bien señalan los apelados en su escrito "Moción en Oposición a "Moción de Desestimación y/o Sentencia Sumaria y a que Se Dicte Sentencia en Rebeldía contra CODEA'" y la correspondiente "Declaración Jurada" del Sr. Angel Román, Hon. Alcalde del Municipio de Arecibo, no hay dudas sobre la celebración de una reunión donde se discutieron asuntos relacionados a las condiciones del arrendamiento, objeto de controversia. Resulta por demás evidente, que los escritos antes señalados presentan discrepancias del todo irreconciliables, respecto a la formalización de un nuevo acuerdo correspondiente a los términos contractuales. De dichos documentos surge una controversia real con relación al reclamo de los apelantes sobre la supuesta novación y la existencia de un nuevo acuerdo contractual. El Tribunal de Primera Instancia debió darse cuenta de que los documentos incluidos con la solicitud de sentencia sumaria y aquellos incluidos con la moción en oposición controvirtieron el hecho material sobre la posibilidad de la novación del contrato y, por consecuencia, declarar sin lugar la solicitud de sentencia sumaria. Jorge v. Universidad, 109 D.P.R. 505, (1990).
Según resuelto reiteradamente por el Tribunal Supremo, toda vez que existen dudas sobre la procedencia de la moción, o de las alegaciones respondientes, la misma debe ser resuelta en contra de la parte que la propuso. Véanse, Bonilla Medina y. Partido Nuevo Progresista, _ D.P.R. _ (1996), 96 J.T.S. 33, a la pág. 790; Rivera Santana v. Superior Packing, Inc., _ D.P.R. _ (1992), 92 J.T.S. 165, a la pág. 10165. En tales casos, los jueces se ven impedidos de pasar juicio sobre la credibilidad de los documentos que tienen ante sí, pues ese no es el momento para ello. Véanse, Meléndez v. Pesquera, 112 D.P.R. 86, 89 (1982); Rodríguez Meléndez v. Supermercado Amigo, 126 D.P.R. 117, 134 (1990); Rivera Santana v. Superior Packing, supra.
Del estudio y análisis de los documentos y declaraciones juradas obrantes en autos y examinada de la forma más favorable para la parte apelante, coincidimos con dicha parte en que el récord refleja que el tribunal a quo debió declarar sin lugar la moción de sentencia sumaria, pues era necesaria la celebración de una vista en su fondo para dilucidar los planteamientos controvertidos por las partes, mediante el desfile de prueba correspondiente.
Una vez el tribunal apelado determine la procedencia o no del reclamo de los apelantes, sobre novación del contrato o modificación de alguna de sus partes, corresponde a dicho foro examinar, a la luz de los reclamos de las partes, si el Municipio participa o no de legitimación para reclamarle a *985 Yakima los cánones de arrendamiento devengados a raíz del mes de febrero de 1996 (fecha de la alegada novación).
La Regla 45.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R 45.1, dispone lo concerniente a la anotación de la rebeldía cuando una parte deja de presentar alegaciones o de defenderse, probándose tales hechos mediante declaración jurada u otro modo. La consecuencia jurídica de la anotación de rebeldía es que se estiman aceptadas todas y cada una de las materias bien alegadas en la demanda, es decir, los hechos correctamente alegados. El tribunal debe evaluar si, en virtud de tales hechos no controvertidos, existe válidamente una causa de acción que amerita la concesión del remedio reclamado. Rivera Rivera v. Insular Wire Products, Corp., _ D.P.R. _ (1996), 96 J.T.S. 76, a la pág. 1173.
Aun en casos tramitados mediante sentencia sumaria y en rebeldía, el tribunal viene obligado a celebrar vista para exigir evidencia pertinente para determinar el importe de los daños o comprobar la veracidad de cualquier alegación o admisión tácita obtenida mediante requerimiento de admisión. Audiovisual Language v. Sist. Estacionamiento Natal Hermanos, _ D.P.R. _ (1997), 97 J.T.S. 147, a la pág. 401.
A tenor con lo previamente expuesto, el Tribunal Supremo, en Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 817 y 818 (1978), señaló:

"[L]os tribunales no son meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía. Para el descargo de tan delicado ministerio, la ley reconoce que el proceso deformar conciencia judicial exige la comprobación 'de cualquier aseveración’ mediante prueba. A tal efecto, el tribunal 'deberá celebrar las vistas que crea necesarias y adecuadas.'

"No habiendo advertido el tribunal de instancia a la parte actora de la necesidad de corroborar sus alegaciones sobre negligencia y relación causal, se incurrió en error que amerita la revocación de la sentencia...".

El tribunal apelado desestimó la Demanda contra Tercero en consideración al hecho de que "Yakima no hajbía] ofrecido evidencia alguna que sostjuviera] sus alegaciones en la demanda contra tercero, así como tampoco hajbía] probado el remedio solicitado en su moción de sentencia sumaria contra CODEA" [13]. Sin embargo, no surge del expediente ante nuestra consideración que el tribunal apelado le hubiera permitido a Yakima presentar evidencia a tales efectos, pese haber declarado incursa en rebeldía a CODEA.
Coincidimos con los apelantes respecto al hecho de que el tribunal apelado debió celebrar vista a los efectos de comprobar la veracidad de cualquier alegación que necesitara corroborar y permitir evidencia pertinente para establecer adecuadamente su reclamación sobre Daños y Perjuicios (existencia del daño, la acción u omisión por parte de CODEA y el nexo racional entre ambos), además del importe o cuantía de los daños reclamados, si alguno.
Habida cuenta de que el tribunal de instancia no advirtió a la parte apelante de la necesidad de corroborar sus alegaciones sobre los daños alegados, negligencia y relación causal y de la existencia de controversias sobre hechos esenciales que no hacen aconsejable resolver el litigio mediante el mecanismo procesal de la sentencia sumaria, procede REVOCAR la sentencia apelada y devolvemos el caso a la sala de origen, para la celebración de vista en sus méritos, conforme los términos de esta sentencia.
Así lo pronunció y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General